```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DANIEL SUAREZ,                           :
                    Plaintiff,           :
                                         :           17cv00477
           -v-                           :
                                         :      MEMORANDUM OPINION
MOSAIC SALES SOLUTIONS US OPERATING      :           & ORDER
CO., LLC,                                :
                    Defendant.           :
                                         :
-----------------------------------------X
```

APPEARANCES

For Daniel Suarez:
David Abrams
305 Broadway, Suite 601
New York, NY 10007

For Mosaic Sales Solutions US Operating Co., LLC:
Michael R. Phillips
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818

For Mosaic Sales Solutions US Operating Co., LLC:
Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106

DENISE COTE, District Judge:

     Plaintiff Daniel Suarez ("Suarez") brings this lawsuit alleging that the defendant Mosaic Sales Solutions US Operating Co., LLC ("Mosaic") unlawfully rescinded a job offer it made to Suarez based on Suarez's criminal record. Suarez asserts that Mosaic did not follow the procedures of the New York City Fair Chance Act ("NYCFCA"). Mosaic moves to dismiss the amended

complaint ("FAC") pursuant to Fed. R. Civ. P. Rule 12(b)(1) on the basis that there is no jurisdiction over this action since Suarez has failed to plead a claim for damages in excess of $75,000. For the following reasons, the motion is granted.

## BACKGROUND

In the FAC, Suarez asserts that in October 2016 Mosaic offered him a permanent position promoting electronics at a department store in New York City. Suarez quit his prior job based on Mosaic's job offer. Mosaic ran a criminal background check on Suarez and discovered that he had two misdemeanor convictions. In November 2016, Mosaic informed Suarez that the job offer was rescinded. Suarez ultimately found another job. He seeks damages "in an amount not more than $100,000," including lost wages, compensatory damages, punitive damages, and attorneys' fees and costs.

## DISCUSSION

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must accept as true all material factual allegations in the complaint, but [is] not to draw

inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). Courts may consider evidence outside of the pleadings -- such as affidavits -- to resolve jurisdictional issues, but may not rely on "conclusory or hearsay" statements contained in the affidavits. Id.

Plaintiffs asserting subject matter jurisdiction must prove its existence by a preponderance of the evidence. Morrison, 547 F.3d at 170. "Diversity jurisdiction exists over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009) (citation omitted); see 28 U.S.C. § 1332(a).[1] The party invoking a federal court's jurisdiction must show a "reasonable probability" that the threshold amount in controversy is satisfied, and courts recognize "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). A defendant may rebut that presumption by demonstrating "to a legal certainty that the plaintiff could not

---

[1] Diversity of citizenship is not contested in this case. The parties' June 21 and 23 letters indicate Suarez is a citizen of New Jersey and Mosaic is a citizen of Delaware and Florida.

3

recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." Id. (citation omitted). Punitive damages may be included for the purposes of satisfying the jurisdictional minimum if they are permitted under the controlling law. A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991). Courts consider the ratio of punitive damages to the actual harm inflicted when assessing punitive damages awards, and "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." Stampf v. Long Island R. Co., 761 F.3d 192, 210 (2d Cir. 2014) (citation omitted). Attorneys' fees may not be included in calculating the jurisdictional amount "unless they are recoverable as a matter of right." Givens v. W. T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972), vacated on other grounds, 409 U.S. 56 (1972).

Suarez alleges a violation of the NYCFCA, which makes it illegal for employers to deny employment on the basis of a prior criminal conviction without following designated processes. N.Y. City Admin. Code § 8-107. If a violation occurs, individuals may recover damages, including punitive damages and "reasonable attorney's fees, expert fees and other costs." Id. § 8-502.

The FAC does not allege an amount in controversy exceeding $75,000. It simply seeks damages "in an amount not more than

4

$100,000." Even if the FAC is construed as alleging an amount in controversy in excess of $75,000, Mosaic has rebutted the presumption that this is a good faith representation of the actual amount in controversy.

Although the FAC alleges that Suarez was advised that he was being hired for a permanent position, through this motion Mosaic has offered evidence (1) that Suarez was hired for a seasonal, part-time position scheduled to last approximately ten weeks, resulting in total pay of approximately $2400;[2] and (2) that Mosaic offered Suarez six permanent (i.e. non-seasonal) jobs after it discovered it had rescinded its prior job offer in error. Suarez does not dispute these contentions in his opposition to this motion. Moreover, as noted above, the FAC indicates that Suarez ultimately found other employment after Mosaic rescinded the original job offer. Given these facts, an award for back pay, any punitive damages, and any attorneys' fees would be a fraction of the jurisdictional minimum.

Suarez opposes dismissal with a single argument. He contends that an award of compensatory damages can be reasonably expected to fill the gap to satisfy the jurisdictional minimum. The FAC alleges that Suarez "was extremely hurt, humiliated, and

---

[2] Mosaic has also submitted evidence that the position was eliminated. According to Mosaic, had Suarez been hired, the position would have been eliminated "within no more than 4 weeks" -- resulting in a maximum of $960 in pay.

5

frustrated by [Mosaic's] treatment. He gained weight from the stress and also suffered from a great deal of stress from being caught short and unable to pay his bills even though he ultimately found another job." Mosaic's evidence and the allegations in the FAC, taken together, rebut the presumption that an award of compensatory damages could be large enough in this case to supply the remaining amount necessary to reach the jurisdictional minimum. It is now undisputed that the job Suarez lost would have lasted less than three months, would have paid a maximum of $2,400, that Suarez turned down other employment offers from Mosaic, and that Suarez found employment with another employer.

Suarez requests leave to submit further affirmations and/or take discovery concerning the amount in controversy. Suarez's request is denied. Suarez had the opportunity to supply additional affirmations and other evidence in opposing Mosaic's application and failed to do so. Moreover, he has not identified what additional information he seeks to gather and present.

**CONCLUSION**

The April 10, 2017 application to dismiss this action for lack of subject matter jurisdiction is granted. The Clerk of Court shall close the case.

Dated: New York, New York
       July 7, 2017

                              _____
                                      DENISE COTE
                              United States District Judge